# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SACV 20-02287-CJC (JDEx)　　　　　　　　　　Date:  December 7, 2020

Title: <u>BRIAN WHITAKER v. ELIZABETH H. KUHNS, *et al.*</u>

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

<u>Cheryl Wynn</u>　　　　　　　　　<u>　N/A　</u>
Deputy Clerk　　　　　　　　　　Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:　ATTORNEYS PRESENT FOR DEFENDANT:

None Present　　　　　　　　　　None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE AS TO WHY THIS COURT SHOULD NOT DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S UNRUH ACT CLAIM**

　　On December 4, 2020, Plaintiff Brian Whitaker filed this action against Defendants Elizabeth H. Kuhns, Burger D-Lite, Inc., and unnamed Does, alleging violations of the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("Unruh Act").  (Dkt. 1 [Complaint].)  Plaintiff seeks injunctive relief under the ADA and statutory damages under the Unruh Act.  (*Id.* at 7–8.)  Plaintiff contends that this Court has federal question jurisdiction over the ADA claim and supplemental jurisdiction over the Unruh Act claim.  (*Id.* ¶¶ 7–8.)

　　Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).  District courts have discretion to decline to exercise supplemental jurisdiction if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."  28 U.S.C. § 1367(c).

　　Numerous federal district courts across California have declined to exercise supplemental jurisdiction over Unruh Act and other state law claims brought alongside

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 20-02287-CJC-JDEDate: December 7, 2020
Page 2

ADA claims, citing 28 U.S.C. §§ 1367(c)(2) & (c)(4). *See, e.g.*, *Spikes v. Essel Commercial, L.P.*, 2020 WL 1701693, at *7 (S.D. Cal. Apr. 8, 2020) ("[A]s a matter of comity, and in deference to California's substantial interest in discouraging unverified disability claims, the Court declines supplemental jurisdiction over Plaintiff's Unruh Act claim.") (internal quotation omitted); *Estrada v. Fiesta III, LLC*, 2020 WL 883477, at *5 (C.D. Cal. Jan. 9, 2020) (declining to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim because "exceptional circumstances" and "compelling reasons" existed, and stating that Plaintiff may "pursue his Unruh Act claim in state court—the appropriate forum for such claim under these circumstances"); *Langer v. Mobeeus, Inc.*, 2020 WL 641771, at *5 (C.D. Cal. Jan. 2, 2020) (similar); *Langer v. Deddeh*, 2019 WL 4918084, at *2 (S.D. Cal. Oct. 4, 2019) (declining to exercise supplemental jurisdiction because the Unruh Act claim predominates over the ADA claim and the interests of comity and discouraging forum shopping constitute exceptional circumstances); *Theroux v. Oceanside Motel-9, LP*, 2019 WL 4599934, at *2 (S.D. Cal. Sept. 20, 2019) (similar); *Langer v. Petras*, 2019 WL 3459107, at *2 (S.D. Cal. July 31, 2019) (similar); *Spikes v. All Pro Auto Repair, Inc.*, 2019 WL 4039664, at *2 (S.D. Cal. Aug. 26, 2019) (dismissing for these reasons various state law claims including claims for violation of the Unruh Act, California Health and Safety Code Section 19955, negligence per se, and negligence); *Rutherford v. Ara Lebanese Grill*, 2019 WL 1057919, at *5 (S.D. Cal. Mar. 6, 2019) (finding that "it would be improper to allow Plaintiff to use the federal court system as a loophole to evade California's pleading requirements"). The Court **ORDERS** Plaintiff to show cause as to why it should not decline to exercise supplemental jurisdiction over the Unruh Act claim in the Complaint for similar reasons.

Plaintiff shall file a response to this Order to Show Cause by December 14, 2020. In the response, Plaintiff shall identify the amount of statutory damages sought in this action. Plaintiff and Plaintiff's counsel shall also include declarations in the response which provide all facts necessary for the Court to determine if Plaintiff and Plaintiff's counsel satisfy the definition of a "high-frequency litigant" under California Civil Procedure Code §§ 425.55(b)(1) & (2). Failure to respond to this Order may result in the Court declining to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim.

cb
MINUTES FORM 11
CIVIL-GENInitials of Deputy Clerk CW